```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT
```

**VERNON L. LEFTRIDGE, JR.,**
      **- Plaintiff**

  **v.**                                      **CIVIL NO. 3:07CV1166(VLB)**

**JEFREY BOURGEOIS,**
      **- Defendant**

## ORDER ON PLAINTIFF'S PENDING MOTIONS

    This case arises out of an alleged racial profiling incident in which the lone remaining defendant, Jeffrey Bourgeois, a Connecticut State Trooper, pulled the plaintiff's vehicle over and issued the plaintiff a written traffic violation warning. Pending before the Court are eight motions filed by the plaintiff seeking various forms of relief.  At the outset, the Court notes that the plaintiff has been repeatedly warned by the presiding District Judge, Hon. Vanessa L. Bryant, that he may not file motions that are frivolous, without basis in law, or abusive of the judicial process.  (Dkt. Nos. 251, 271).  Most of the pending motions arguably meet this description.  Moreover, they are duplicative, accusatory, and not based on a fair reading of the record.  The plaintiff has also been warned that motions not accompanied by memoranda of law showing that he has a reasonable belief that he is entitled to the relief sought will be summarily denied.  (Dkt. No. 251).  None of the motions filed by the plaintiff contain memoranda of law.  Nevertheless, and out of an abundance of caution, the

Court will fully consider each motion.

Several of the pending motions filed by the plaintiff, including Dkt. Nos. 275, 280, 284 and 293, relate to his assertion that the defendant and/or his counsel have failed to comply with their discovery obligations, and have otherwise acted in bad faith. In particular, the plaintiff repeatedly asserts that the defendant and/or his counsel have misrepresented to the Court the existence of certain video and audio tapes.  The Court disagrees with the plaintiff, and concludes that there is no evidence to suggest that the defendant and/or his counsel have acted in bad faith.  With respect to the plaintiff's claim that the defendant and/or his counsel have failed to disclose the existence of audio tapes of the internal affairs investigation hearings, a transcript of the hearing has previously been produced to the plaintiff. Nevertheless, Judge Bryant ordered the defendant to produce the audio tapes and the transcript, and the defendant complied.  (Dkt. Nos. 272, 290). The Court has listened to the recordings, in their entirety, and agrees with the defendant that there does not appear to be any discrepancy between the recordings and the transcripts that were previously provided to the plaintiff during the discovery period.

In addition, with respect to the plaintiff's claim that the defendant and/or his counsel have failed to disclose the existence of, and have not produced, additional videotape evidence recorded

from the defendant's vehicle on the date of the alleged racial profiling incident, the Court finds no merit in the plaintiff's allegations.  The defendant has produced, both to the plaintiff and the Court, a video from the date in question, and has represented that no additional relevant video exists.  The Court accepts the defendant's representation.  To the extent that the plaintiff alleges that the defendant's deposition testimony with respect to when he first activated the video recorder indicates that additional footage may exist, there is no competent evidence in the record to support such an allegation.  Moreover, with respect to these same allegations, Judge Bryant previously denied the plaintiff's motion to extend the discovery deadlines without prejudice to refiling, provided that the plaintiff include the transcript of the defendant's deposition "with the comments referred to by the Plaintiff regarding when [the defendant] stated he activated the video recorder." (Dkt. No. 274).  The plaintiff has failed to provide a transcript of the defendant's testimony, and has otherwise failed to demonstrate to the Court that the defendant and/or his counsel have improperly withheld, or failed to disclose the existence of, any discovery materials.  In sum, the plaintiff has not shown that the defendant and/or his attorney have deliberately misrepresented the existence of any materials, improperly withheld discoverable materials, or have otherwise acted in bad faith.  This alleged, but unsubstantiated, conduct on the

part of the defendant and/or his counsel lies at the heart of various duplicative motions filed by the plaintiff seeking some form of sanctions against the defendant and/or his attorney. Accordingly, Plaintiff's Motion to Compel Discovery (Dkt. #275), Motion for Contempt and Sanctions Against Defendant and Opposing Counsel (Dkt. No. 280), "Motion for Immediate Default Judgment, Order for Permanent Injunction and Monetary Judgment" (Dkt. No. 284), and Immediate Motion for Order (Dkt. No. 293) are **DENIED.**

Plaintiff's "Motion for Order and Motion to Quash and Dismiss Defendant Bad Faith Motion for Security and Fees and Motion to Correct Defendant Name" (Dkt. No. 277) is **GRANTED** in part and **DENIED** in part.  It is **GRANTED** only to the extent that the plaintiff seeks a correction to the case caption on the docket sheet with respect to the defendant's last name.  The Clerk is directed to replace the case caption to reflect the proper spelling of the defendant's last name, Bourgeois.  In all other respects, the motion is **DENIED,** as  the plaintiff has failed to demonstrate that the defendant's Motion for Security for Costs was filed in bad faith.

Plaintiff's Motion for Order (Dkt. No. 282) requesting the Court to order the Deputy U.S. Marshal to provide an affidavit regarding his service of process on the defendant, as well as a duplicate copy of the certification of service, is **DENIED.** A copy of the process receipt and return, including the Deputy U.S.

Marshal's remarks, are available to the plaintiff on the docket. See Dkt. No. 29.

Plaintiff's "Motion for Order that Deposition of Plaintiff Be Scheduled on April 20, 2012" (Dkt. No. 276) is **GRANTED** in part, and **DENIED** in part.  It is **GRANTED** only to the extent that the plaintiff seeks an order setting the location of the plaintiff's deposition "in New Haven on the MetroNorth Railroad and bus line." The deposition shall be held within reasonable walking distance of the rail and bus line in New Haven.  In all other respects, the motion is **DENIED**.  In particular, the Court will not order that the deposition of the plaintiff must take place on April 20, 2012, a date unilaterally selected by the plaintiff.  The plaintiff has asserted that, as a result of a Motion for Security for Costs filed by the defendant, he lacks the resources to attend any deposition before April 20, 2012.  While the connection between the Motion for Security for Costs and the plaintiff's availability for a deposition is tenuous, at best, Judge Bryant has since vacated her order requiring the plaintiff to file a bond as security for costs. (Dkt. Nos. 263, 286).  Thus, the plaintiff's motion is unavailing. To the extent that the plaintiff may be operating under the belief that he may unilaterally select the date of his deposition, he is mistaken.  Fed. R. Civ. P. 30(b)(1).  The parties are directed to reach an agreement with respect to the date of the plaintiff's deposition, provided that the date complies with the schedule

outlined in Judge Bryant's February 22, 2012 order (Dkt. No. 272).

Plaintiff's Motion to Stay his discovery obligations (Dkt. No. 287) is **DENIED** as moot.  The Court, through this Order, has disposed of all pending discovery motions.  The parties shall comply with Judge Bryant's February 22, 2012 order (Dkt. No. 272) with respect to their remaining discovery obligations.

Finally, the Court advises the plaintiff that he would be well served to focus his time and energy on complying with Judge Bryant's order requiring him to submit adequate responses to the defendant's Interrogatories and Requests for Production, rather than continuing his practice of filing accusatory and duplicative motions against the defendant and his counsel. Such motions are abusive of the judicial process, and the Court reserves its right to sanction the plaintiff if such conduct continues.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this   13th   day of March, 2012.**

                                          /s/ Thomas P. Smith
                                          **THOMAS P. SMITH**
                                          **UNITED STATES MAGISTRATE JUDGE**