UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

VERNON L. LEFTRIDGE, JR.,
      - Plaintiff

   v.                                    CIVIL NO. 3:07CV1166(VLB)

JEFFREY BOURGEOIS,
      - Defendant

## ORDER ON PENDING MOTIONS

     The defendant has filed a Renewed Motion to Compel and Request for Dismissal (Dkt. #367) in this case. The motion to compel is GRANTED in part and DENIED in part. The request for dismissal is DENIED. At the outset, the Court notes that the plaintiff's supplemental response to the defendant's discovery requests was drafted in the proper form, and was timely mailed, as evidenced by the certified mail receipt. It is apparent to the Court that the plaintiff has now made a good faith effort to respond to the defendant's discovery requests and to comply with this Court's prior orders. Accordingly, to the extent the defendant seeks sanctions up to, and including, dismissal, or an order to show cause why the case should not be dismissed, the motion is DENIED.

     Rather than produce documents in response to the defendant's Requests for Production, the plaintiff has indicated that responsive documents are presently located at the office of Attorney John R. Williams in New Haven. Attorney Williams does not represent the plaintiff in the instant case, but represents him in

one or more other pending cases. The plaintiff's responses indicate that he has consulted with Attorney Williams, and Attorney Williams "has agreed that these materials will be made available to defense counsel for inspection and copying at his office...upon reasonable advance notification. They are voluminous and fill more than a file drawer." Under the circumstances, where the plaintiff alleges that he no longer possesses certain documents due to an unrelated theft of his belongings, Attorney Williams' offer is acceptable to the Court. The defendant shall contact Attorney Williams' office to schedule a mutually convenient time for inspection and copying of the responsive documents. The Court is under the impression that the plaintiff has now complied with the request for medical records authorization forms as contained in Request for Documents #8. If this is not the case, the plaintiff is ordered to immediately comply with such request.

However, the Court agrees with the defendant that the plaintiff has still failed to properly answer certain interrogatories. The defendant is not entirely without fault with respect to this deficiency, as its March 28, 2012 Notice of Receipt of Untimely and Incomplete Discovery Responses from Plaintiff (Dkt. #319) only identified a subset of the then-deficient interrogatories. For this reason, the Court's April 3, 2012 (Dkt. #329) and May 10, 2012 (Dkt. #360) orders with respect to the plaintiff's supplemental response only addressed the

interrogatories listed in the March 28, 2012 Notice. The plaintiff properly responded to all interrogatories referenced in the defendant's March 28, 2012 Notice and incorporated into the Court's orders. Nevertheless, the defendant is entitled to responses to each interrogatory, regardless of whether such response was properly identified as deficient in the March 28, 2012 Notice. The plaintiff is directed to file a second supplemental response by June 18, 2012. The response shall include proper answers to Interrogatories #3(b), #3(c), #6(d), #8(d), #9(b), 18, 21, 22, 23, 24, and 32. To the extent that any of these interrogatories seek documents, it is sufficient for the plaintiff to state, if true, that the documents are available for inspection and copying at the offices of Attorney Williams. The response shall be sent via certified mail, and the plaintiff shall file a notice on the record with a copy of the stamped receipt showing the date it was mailed. The plaintiff's initial response to Interrogatories ##19 and 20, and his supplemental responses to Interrogatories ##26, 27 and 28, are sufficient and need not be supplemented. Thus, for the reasons stated above, the motion to compel is GRANTED in part and DENIED in part. The request for sanctions and/or dismissal is DENIED.

With respect to the plaintiff's "Motion for Order That Defendant Sign His Deposition Transcript and Return to Plaintiff Immediately," (Dkt. #365), the motion is DENIED. Contrary to the assertions of the plaintiff, there is no provision in the Federal

Rules of Civil Procedure that would require a deponent to sign a deposition transcript.  Rule 30 merely affords the deponent an opportunity to review the transcript and, "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Nothing in the Federal Rules requires the defendant to sign his transcript.

The plaintiff's Motion for Order (Dkt. #376) is GRANTED in part and DENIED in part.  To the extent the motion seeks an order requiring the defendant to sign his deposition transcript, it is denied for the reasons stated above.  To the extent it seeks an order regarding the date and location of the plaintiff's deposition, it is denied.  The defendant is free to re-schedule the deposition at the previously scheduled location in New Haven.  The defendant is under no obligation to conduct the deposition at Attorney Williams' office, as requested by the plaintiff.  However, with respect to the date of the rescheduled deposition, the defendant shall either notice the deposition for July 13, 2012, if counsel is available on that date, or communicate via telephone with the plaintiff in order to select a mutually alternative date that is no later than July 31, 2012.  The deposition notice shall be filed on the docket.

To the extent that the Plaintiff's Objection to Defendant's Renewed Motion to Compel (Dkt. #375) includes a renewed motion for appointment of counsel and a request for sanctions and/or a finding

that opposing counsel is in contempt of court, such motions are DENIED.  Judge Bryant has previously ruled numerous times that appointment of counsel is not warranted in this case.  See Dkt. ##13, 52, 96, 112, 164.  Furthermore, the Second Circuit addressed this issue on appeal, and found no abuse of discretion of this Court's denial of the plaintiff's requests for the appointment of counsel.  See Dkt. #129 at 13-14. Therefore, the renewed motion to appoint counsel is denied.  With respect to request for sanctions and/or a contempt finding, there has been absolutely no showing that defendant's motion to compel was brought in bad faith.  Thus, the request is denied.

Finally, the plaintiff has filed a Motion for Reconsideration (Dkt. #361) of the Court's May 4, 2012 Order (Dkt. #354) denying his motion for sanctions.  In the Second Circuit, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Here, the court did not overlook any cases or data.  While the evidence provided by the plaintiff shows that the defendant's recollection in 2012 of the exact circumstances surrounding his being served with the Complaint in 2008 may, arguably, differ from a notation on

the U.S. Marshals Service receipt, this falls far short of perjury. If the plaintiff believes that the evidence is relevant to the defendant's credibility, he is free to raise it during the summary judgment or trial phase of this litigation. Moreover, contrary to the plaintiff's assertions, he has repeatedly made baseless, accusatory, and unsubstantiated ad hominem attacks against the defendant and his counsel. For this reason, the Court noted in Dkt. #354 that it has repeatedly ruled against the plaintiff on similar allegations of misconduct against the defendant. The plaintiff has previously been admonished by the Court that motions for reconsideration "are discouraged and could be deemed an abuse of the judicial process and result in the assessment of costs." Dkt. #217. (Bryant, J.).  Accordingly, the Motion for Reconsideration (Dkt. #361) is DENIED.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut this   5th    day of June, 2012.**

>    /s/ Thomas P. Smith
>    **THOMAS P. SMITH**
>    **UNITED STATES MAGISTRATE JUDGE**